**Case No. 25-3035**

**MATTHEW CHARLES SCHLOBOHM,**
Plaintiff-Appellant,

**DONALD ASH, et al.,**
Defendants-Appellees.

---

# EMERGENCY MOTION FOR INJUNCTIVE RELIEF, APPOINTMENT OF COUNSEL, AND ANCILLARY RELIEF

*(Including Request for Referral to Pro Bono Program, Remand for Emergency Hearing, and Referral for Witness Protection or Other Protective Measures, if available)*

[Related District Court Case No. 23-3014-JWL, United States District Court for the District of Kansas]

## Introduction and Summary of Urgency

All statements herein are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any purpose other than to support this emergency motion.

Plaintiff-Appellant Matthew Charles Schlobohm respectfully submits this emergency motion in light of what he believes, based on his direct observations and information available to him, to be an unprecedented and ongoing campaign of cyber and real-world interference that has rendered him unable to prosecute his appeal or access the courts. Since on or about June 21, 2025, Plaintiff has, to the best of his knowledge and belief, been the target of highly coordinated, intrusive, and obstructive actions—including but not limited to: (1) what Plaintiff believes to be sophisticated cyberattacks that disabled all of his electronic devices (laptops, cell phone, printer/fax machine); (2) the deployment of what appear to be fraudulent digital identities and malware, resulting in the loss of access to critical legal files and communications; (3) persistent tampering, interception, and alteration of legal and confidential mail, including correspondence from this Court and privileged attorney-client communications; and (4) real-world intimidation, harassment, and

physical threats at his residence and in public spaces. These assertions are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind. Plaintiff has endeavored to document these events and attaches supporting evidence where possible.

As a direct result of these events, Plaintiff was deprived of the ability to meet the extended deadline for his Opening Brief and was effectively isolated from all means of communication with the Court, counsel, and law enforcement. Plaintiff made repeated, good-faith attempts to contact the Clerk's Office, seek emergency assistance, and obtain legal representation, but these efforts were, to the best of his knowledge and belief, systematically thwarted by both technological and in-person obstructions. Plaintiff's efforts to report these incidents to the appropriate authorities—including the FBI, U.S. Postal Inspection Service, and local law enforcement—were, to the best of his knowledge, met with further interference, non-responsiveness, or apparent complicity. Plaintiff's statements regarding these events are made solely for the purpose of seeking judicial protection and are not intended as admissions or as statements of fact for any other purpose.

The severity and persistence of this campaign have, in Plaintiff's good-faith belief, escalated to the point of endangering his physical safety and well-being, as evidenced by what Plaintiff believes to be targeted harassment at his home, the theft of his vehicle, and the use of fireworks as weapons directed at his person and property. The attached spreadsheet and supporting documentation (see Exhibit 1: Spreadsheet of Envelopes and Postage Meter Numbers, Exhibit 3: Contemporaneous Logs and Notes, and supporting documentation, all filed under seal) provide a sampling of what Plaintiff believes to be pervasive mail tampering and other forms of interference that, in Plaintiff's view, have directly impeded his access to the courts and the effective exercise of his rights. Plaintiff respectfully requests that these exhibits be maintained under seal or subject to a protective order, as requested throughout this motion, to protect Plaintiff's personal and legal safety.

In light of the credible and ongoing threats to Plaintiff's health, life, and safety, Plaintiff respectfully requests that the Court consider, to the extent it has authority or can make such a referral, directing the appropriate federal authorities (such as the U.S. Marshals Service) to assess Plaintiff for witness protection or any other available federal protective measures, or to take any protective action the Court deems appropriate to ensure Plaintiff's safety. This request is made solely for the purpose of seeking judicial protection and not as an admission of any wrongdoing or as a statement of fact for any other purpose.

All statements in this Introduction are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions or for any other purpose. Given the extraordinary and ongoing nature of these threats, Plaintiff, to the best of his knowledge, information, and belief, and solely for the purpose of seeking judicial protection and relief, urgently requests that this Court: (1) issue

immediate injunctive relief to prevent further interference, intimidation, or obstruction; (2) appoint counsel or refer this matter to the pro bono program to ensure Plaintiff's rights are protected; (3) consider remand for an emergency hearing in the District of Kansas or such other relief as the Court deems just and proper to address the ongoing threats to Plaintiff's access to the courts and personal safety; and (4) in light of the credible and ongoing threats to Plaintiff's health, life, and safety, respectfully consider, to the extent the Court has authority or can make such a referral, referring Plaintiff to the appropriate federal authorities (such as the U.S. Marshals Service) for assessment for witness protection or any other available federal protective measures, or to take any protective action the Court deems appropriate to ensure Plaintiff's safety. All referenced evidence, including Exhibit 1, Exhibit 3, and supporting documentation, is submitted under seal or subject to a protective order, as requested herein. These requests are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions or as statements of fact for any other purpose.

The public interest in safeguarding the integrity of the judicial process, preventing retaliation and obstruction, and ensuring access to justice for pro se litigants weighs heavily in favor of the requested relief. There is no undue prejudice to Defendants, as the relief sought is narrowly tailored to restore Plaintiff's ability to participate in these proceedings and to protect the administration of justice.

Immediate intervention is necessary to halt the ongoing harm, preserve Plaintiff's constitutional rights, and maintain the integrity of these appellate proceedings.

# Factual Background

*All factual statements in this section are made under penalty of perjury, to the best of Plaintiff's knowledge, information, and belief, and solely for the purpose of seeking emergency judicial protection and relief. These statements are not intended as admissions of any kind or for any purpose other than to support this motion. Plaintiff respectfully requests that any sensitive evidence or filings referenced herein be placed under seal or subject to a protective order to protect Plaintiff's personal and legal safety.*

## I. Chronology and Nature of Cyber Intrusions

Plaintiff respectfully submits the following factual background based on his direct observations, information available to him, and good-faith belief. These statements are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

To the best of Plaintiff's knowledge, information, and belief, the events culminating on or about June 21, 2025, represent the apex of what Plaintiff believes to be months of highly coordinated and sophisticated cyberattacks, psychological intimidation, and communication isolation. On the morning of June 21, 2025, while working on his Opening Brief, Plaintiff observed a series of events that, in his view,

occurred in rapid succession and were highly unusual. Plaintiff noticed recurring, otherwise unexplainable errors affecting his legal research and writing, including text changing on his screen as he typed. In response, Plaintiff ran multiple virus and malware scans, which did not reveal any issues.

Plaintiff further observed that several recent emails appeared suspicious, including one purporting to be a letter of recommendation from an academic program coordinator that lacked official letterhead and contained typographical anomalies. Relying on his background in web development, Plaintiff ran these emails through an AI-based analysis tool, which, according to the tool's output, indicated the presence of malware or other compromise indicators in many of the emails. Almost immediately thereafter, Plaintiff's personal cloud storage account registered what he believes to be an unauthorized upload of hundreds of thousands of files. Plaintiff has reason to believe this activity was triggered by a malware payload embedded in a PDF file he had received.

As these files uploaded, Plaintiff's primary laptop displayed what appeared, to the best of Plaintiff's knowledge, information, and belief, to be a Windows blue screen error. A prompt then appeared requesting his BitLocker recovery keys. Acting in good faith and without knowledge of any deception, Plaintiff entered the requested information. Plaintiff now believes, based on subsequent research and analysis, that this was a social engineering tactic that resulted in the compromise of his hard drive and permanent loss of access to the device, which remains inaccessible as of the date of this filing. All statements in this paragraph are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

Plaintiff attempted to continue his legal work on an older laptop, but, to the best of his knowledge, information, and belief, that device also became inoperable after displaying a similar blue screen error. At approximately the same time, Plaintiff's cell phone displayed what Plaintiff believes to be a non-authentic "welcome" screen. Plaintiff entered his PIN code, but was unable to regain access. As a result of these events, Plaintiff was deprived of access to all digital files, legal research, email accounts, and two-factor authentication methods necessary for court filings and communications. Plaintiff believes, based on the totality of the circumstances, that these events resulted in the compromise of sensitive, private, and confidential information stored on his devices. These statements are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

## II. Loss of Communication and Legal Resources

Plaintiff respectfully emphasizes that all statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

On June 23, 2025—the extended deadline for Plaintiff's Opening Brief—Plaintiff, to the best of his knowledge, information, and belief, was left without any functional means of communication or document preparation. Without access to his laptops, cell phone, or printer/fax machine, Plaintiff attempted to contact the Tenth Circuit Clerk's Office from a public resource at approximately 4:00pm CST. Upon arrival, Plaintiff was approached by an individual identifying as a staff member, who directed him to use two unfamiliar public phones. Plaintiff's attempts to call the Tenth Circuit Clerk's Office number (303-844-3157) did not connect. When Plaintiff requested further assistance, the staff member slowly facilitated a call that was answered by an automated system with options that, in Plaintiff's experience and belief, were inconsistent with the Tenth Circuit's normal operations. Plaintiff recalls that the answering system provided only two options: one for civil cases not including Kansas, and one for tax court cases including Kansas. Plaintiff selected the latter. Ultimately, Plaintiff was connected to a person identifying herself only as "Sharon," who declined to provide a last name, which, in Plaintiff's view, further raised concerns about the authenticity of the interaction and the possibility of interference. These statements are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

Plaintiff's subsequent attempt to contact the Kansas District Court Clerk's Office resulted in a generic voicemail message stating, "clerk's office, leave a message." Based on Plaintiff's prior experiences, this was inconsistent with the usual response and, in Plaintiff's belief, suggested possible interception or redirection of communications. Plaintiff's inability to access his email, legal files, and authentication credentials further compounded his isolation from the court and legal process. All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

## III. Tampering and Interference with Legal Mail

Plaintiff, upon information and belief, has experienced pervasive and ongoing tampering, interception, and alteration of legal and confidential mail, including correspondence from the Tenth Circuit Court of Appeals and privileged attorney-client communications. The attached Exhibit 3: Contemporaneous Logs and Notes (Filed Under Seal), which is authenticated by Plaintiff's declaration, documents a sampling of envelopes and postage meter numbers that, in Plaintiff's view, evidence mail that was cut open, resealed, or otherwise manipulated prior to delivery. For example, Plaintiff received an envelope from the Tenth Circuit with a cut running from top to bottom; when Plaintiff inquired about this with the mail carrier, the carrier denied any tampering, which Plaintiff believes may indicate complicity or lack of awareness. Plaintiff respectfully requests that Exhibit 3 and any other sensitive filings or evidence related to these events be placed under seal or subject to a protective order, as appropriate, to protect Plaintiff's personal and legal safety.

All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

Plaintiff, to the best of his knowledge, information, and belief, submitted formal complaints to the U.S. Postal Inspection Service and the USPS Office of Inspector General regarding what he believes to be mail theft and tampering. However, Plaintiff believes these efforts were met with further obstruction, as his complaints appear to have been intercepted, altered, or denied by individuals purporting to be officials, who delivered to Plaintiff "responses" that, to the best of his knowledge, were malware-laden PDFs. Multiple visits to local post offices in Kansas City, Missouri (beginning no later than March or April 2025), yielded no assistance, despite Plaintiff presenting what he believed to be clear evidence of tampering (see Exhibit 3, Contemporaneous Logs and Notes, Filed Under Seal). All statements in this paragraph are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose.

## IV. Real-World Harassment, Intimidation, and Physical Threats

Since approximately October 2023, Plaintiff has, to the best of his knowledge, information, and belief, been subjected to what he believes to be escalating real-world harassment and intimidation. The following incidents are described solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose:

- Plaintiff has observed or experienced individuals banging on the exterior walls of his residence at various hours, which he believes to be acts of intimidation.
- On or about July 4, 2025, Plaintiff observed a woman near his building who, according to Plaintiff's good-faith belief, was laughing, lighting fireworks, and firing them in the direction of Plaintiff and his wooden balcony, before fleeing and later entering a neighboring apartment with keys.
- Plaintiff has experienced repeated late-night fireworks detonations outside his bedroom window between June 24 and June 27, 2025, which he believes followed his expression of fear for his safety in what he believed was a private conversation on June 23, 2025.
- Plaintiff has reason to believe that his vehicle, which contained materials he considered important to his legal matters, was taken without his consent, and he has not been able to locate either the vehicle or its contents since that time.
- Plaintiff further observed what he believes to be the unauthorized replacement of his home internet router with a device bearing an incorrect MAC address, which, based on his own network scans, appeared to leave his home network exposed and insecure. Plaintiff recalls that, in November 2024, he received a router at his door in packaging that, to the best of his knowledge, did not match standard procedures for his internet service

provider. The device arrived without typical tracking information or required documentation, and the sender information appeared inconsistent with what Plaintiff would expect from his provider. After consulting with a shipping manager at the address listed on the package, Plaintiff was told that the shipping information appeared fraudulent. Following this event, Plaintiff began making repeated calls to the FBI, but, upon information and belief, these calls were either not completed or were intercepted and redirected in a manner that prevented him from obtaining assistance.

All statements in this section are made under penalty of perjury, to the best of Plaintiff's knowledge, information, and belief, and solely for the purpose of seeking emergency judicial protection and relief. These statements are not intended as admissions of any kind or for any other purpose.

Plaintiff's attempts to seek assistance from his landlord, local law enforcement, and emergency services were, to the best of his knowledge, information, and belief, met with non-responsiveness or what he perceived as coordinated obstruction. For example, after reporting the July 4 incident to his landlord and requesting that police be called, Plaintiff did not receive a response. Calls to 911, the FBI, the U.S. Postal Inspection Service, and other authorities were, in Plaintiff's experience and belief, either disconnected, intercepted, or routed to individuals who did not provide verifiable identification or agency information. On numerous occasions, Plaintiff was connected to individuals who identified themselves only by first name, refused to provide further identifying information, and stated that they worked for a general customer service center, even when Plaintiff had dialed a number specifically for a fraud or law enforcement department. Plaintiff describes these experiences as contributing to a sense of intimidation, isolation, and helplessness that has persisted for approximately a year or longer. All statements in this paragraph are made solely for the purpose of seeking judicial protection and relief, under penalty of perjury, and are not intended as admissions of any kind or for any purpose other than to support this emergency motion.

## V. Systematic Frustration of Attempts to Seek Help

Plaintiff has made diligent and repeated efforts to contact the Clerk's Office, law enforcement, and potential legal counsel. All such efforts have, to the best of Plaintiff's knowledge, information, and belief, been systematically thwarted by what Plaintiff believes to be technological sabotage, impersonation, or real-world obstruction. Plaintiff's calls to the FBI, beginning no later than November 2024, were either disconnected or answered by individuals who did not provide legitimate assistance. On one occasion, after finally reaching a person purporting to be with the FBI, Plaintiff was told he would be connected to an agent, only to have the call terminated unexpectedly. All statements in this paragraph are made solely for the purpose of seeking judicial protection and relief, under penalty of perjury, and are not intended as admissions of any kind or for any purpose other than to support this emergency motion.

Plaintiff's attempts to contact his internet service provider, Google Fiber, regarding what he believes to be a compromised router and network, were, to the best of his knowledge, information, and belief, unsuccessful. Plaintiff believes that his calls and online chats were intercepted or otherwise rendered unproductive, and his use of network analysis tools suggested that disabling his VPN reduced the number of open ports but still left his internet traffic vulnerable to manipulation. These statements are made solely for the purpose of seeking judicial protection and relief, under penalty of perjury, and are not intended as admissions of any kind or for any purpose other than to support this emergency motion.

## VI. Diligence and Documentation

Despite these extraordinary circumstances, Plaintiff has, to the best of his knowledge, information, and belief, demonstrated exceptional diligence in attempting to comply with court deadlines, notify the court of his situation, and preserve evidence of the ongoing interference. Plaintiff has maintained contemporaneous logs, collected physical evidence of what he believes to be mail tampering, and submitted formal complaints to relevant authorities. The attached spreadsheet and supporting documentation (see Exhibit 3: Contemporaneous Logs and Notes (Filed Under Seal)) provide a representative sample of what Plaintiff believes to be pervasive interference with his legal mail and communications. Plaintiff respectfully requests that any sensitive filings or evidence be placed under seal or subject to a protective order, as appropriate, to protect his personal and legal safety.

Plaintiff's inability to file his Opening Brief or otherwise participate in these proceedings is, to the best of his knowledge, information, and belief, the direct result of what he believes to be a sustained and multifaceted campaign of cyber and real-world obstruction, intimidation, and retaliation. All statements in this section are made in good faith, solely for the purpose of seeking emergency relief from the Court, under penalty of perjury, and are not intended as admissions of any kind or for any purpose other than to support this emergency motion. Plaintiff respectfully requests that the Court take all necessary protective measures regarding any sensitive information referenced herein.

# Legal Standard for Emergency Relief

## I. Inherent Authority and Equitable Powers of the Court

Federal courts possess broad inherent authority to issue orders necessary to protect the integrity of judicial proceedings, prevent manifest injustice, and ensure the fair administration of justice. This includes, upon information and belief and solely for the purpose of seeking judicial protection and relief, the power to grant emergency injunctive relief, appoint counsel, and fashion remedies to address extraordinary circumstances such as obstruction, intimidation, or interference with a litigant's access to the courts. The Supreme Court has recognized that "[a] court has the

inherent authority to protect its proceedings and judgments in the course of discharging its traditional responsibilities" (*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). This authority extends to issuing orders to prevent ongoing harm, preserve the status quo, and safeguard the rights of parties, particularly where the judicial process itself is under threat. To the extent permitted by law, this inherent authority may also include the ability to refer a party for assessment by appropriate federal authorities (such as the U.S. Marshals Service) for witness protection or other protective measures, where credible threats to safety and the integrity of the judicial process are present. All statements and legal assertions in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

## II. Constitutional Right of Access to the Courts

The right of access to the courts is a fundamental constitutional guarantee, protected by the First and Fourteenth Amendments. The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers" (*Bounds v. Smith*, 430 U.S. 817, 828 (1977)), and that actual injury resulting from interference with this right constitutes a constitutional violation (*Lewis v. Casey*, 518 U.S. 343, 349 (1996)). The Tenth Circuit has similarly recognized that "meaningful access to the courts is the touchstone" and that actual injury—such as the inability to file a required pleading—satisfies the threshold for relief (*Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998)). Where a litigant is subjected to coordinated cyber and real-world interference that, to the best of their knowledge and belief, effectively blocks access to the courts, the judiciary has both the authority and the obligation to intervene and provide effective relief. All legal standards cited herein are presented solely to support the request for emergency relief and are not intended as admissions of any kind.

## III. Standard for Emergency Injunctive Relief

A party seeking a preliminary injunction or emergency relief must demonstrate:

1. A substantial likelihood of success on the merits;
2. Irreparable harm in the absence of relief;
3. That the balance of equities tips in the movant's favor; and
4. That the injunction is in the public interest.

(*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001)). The Tenth Circuit has emphasized that irreparable harm is established where a party is deprived of the ability to participate in judicial proceedings or to protect fundamental rights. The court may issue a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65 to prevent further harm and preserve the status quo pending resolution of the underlying claims.

## IV. Relief from Judgment or Order: Rule 60 and Waetzig v. Halliburton

Federal Rule of Civil Procedure 60(b) authorizes relief from a "final judgment, order, or proceeding" for reasons including fraud, misrepresentation, misconduct, or any other reason justifying relief. The Supreme Court recently clarified in *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. ___ (2025), that a voluntary dismissal without prejudice under Rule 41(a) constitutes a "final proceeding" for purposes of Rule 60(b), and that district courts retain authority to grant relief where warranted by extraordinary circumstances. This decision underscores the judiciary's responsibility to ensure that procedural rules do not become instruments of injustice, particularly where a party's ability to prosecute or defend a claim has been compromised by external interference. All factual assertions in this motion are made upon information and belief, to the best of Plaintiff's knowledge, and solely for the purpose of seeking judicial protection and relief. These statements are not intended as admissions of any kind.

## V. Appointment of Counsel in Exceptional Circumstances

While there is no constitutional right to counsel in civil cases, federal courts may appoint counsel for indigent litigants in exceptional circumstances. The Tenth Circuit considers factors such as the merits of the claims, the complexity of the factual and legal issues, and the litigant's ability to investigate and present the case (*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)). Where a pro se litigant faces ongoing threats, technical sabotage, or coordinated obstruction that impedes meaningful participation in the proceedings, appointment of counsel is warranted to protect the litigant's rights and the integrity of the judicial process. All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

## VI. Remand for Emergency Hearing

Pursuant to the Court's inherent authority and applicable statutes, the appellate court may remand a case to the District of Kansas for an emergency hearing where the interests of justice so require. Remand is appropriate where the district court is best positioned to develop the factual record, issue protective orders, and supervise the implementation of emergency relief, particularly in light of ongoing threats to a litigant's access to the courts and personal safety. Plaintiff respectfully requests that, should the Court find it necessary, any remand or emergency hearing be conducted with appropriate protective measures for Plaintiff's safety, including, to the extent the Court has authority or can make such a referral, referral to the U.S. Marshals Service or other appropriate federal authority for assessment for witness protection or other protective measures. This request is made solely for the purpose of seeking judicial protection and not as an admission of any wrongdoing or as a statement of fact for any other purpose. Any sensitive information should be handled under seal or subject to protective order as the Court deems appropriate.

All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

In sum, the Court is empowered and obligated to grant emergency relief—including injunctive orders, appointment of counsel, and remand for emergency hearing—where a litigant's access to the courts and personal safety are under immediate and ongoing threat, and where the integrity of the judicial process is at stake. All statements and requests herein are made solely for the purpose of seeking judicial protection and relief and are not intended as admissions of any kind.

---

# Argument for Injunctive Relief

*All factual statements in this section are made under penalty of perjury, to the best of Plaintiff's knowledge, information, and belief, and solely for the purpose of seeking judicial protection and relief. These statements are not intended as admissions of any kind or for any other purpose.*

## I. The Ongoing Interference Constitutes Irreparable Harm

Plaintiff, to the best of his knowledge, information, and belief, and solely for the purpose of seeking judicial protection and relief, asserts that he has been the target of what he believes to be a sustained and multifaceted campaign of cyber and real-world interference. Plaintiff believes that this campaign has rendered him unable to access his legal files, communicate with the Court, or participate meaningfully in these proceedings. The deprivation of access to the courts, as described herein, constitutes irreparable harm. The Supreme Court has recognized that the right of access to the courts is fundamental, and that actual injury—such as the inability to file a required pleading or to respond to court orders—constitutes a constitutional violation that cannot be remedied by monetary damages alone (*Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). The Tenth Circuit has likewise held that irreparable harm is established where a party is deprived of the ability to participate in judicial proceedings or to protect fundamental rights (*Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998)).

Here, Plaintiff's inability to file his Opening Brief, respond to court communications, or seek legal assistance is, to the best of his knowledge, information, and belief, and solely for the purpose of seeking judicial protection and relief, the direct result of ongoing, targeted interference. Plaintiff respectfully submits that the harm is not speculative or remote; it is immediate, continuing, and threatens both his legal rights and his personal safety. Plaintiff further asserts that, to his knowledge, no adequate remedy at law exists to redress the loss of access to the courts and the chilling effect on his exercise of constitutional rights. All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose.

11

## II. Plaintiff Has a Substantial Likelihood of Success on the Merits

Plaintiff's underlying appeal, as set forth in his filings, presents a substantial likelihood of success on the merits. Plaintiff respectfully submits, solely for the purpose of seeking judicial protection and relief, that the District Court's judgment is void under Federal Rule of Civil Procedure 41(a), as clarified by the Supreme Court in *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. ___ (2025), which held that a voluntary dismissal without prejudice under Rule 41(a) constitutes a "final proceeding" for purposes of Rule 60(b), and that district courts retain authority to grant relief where warranted by extraordinary circumstances. Plaintiff's voluntary dismissal was, to the best of his knowledge, timely and procedurally proper, and Plaintiff believes that the District Court's subsequent orders were issued without jurisdiction, rendering them void.

Moreover, Plaintiff asserts that the record demonstrates his diligence in attempting to comply with court orders and to notify the Court of the extraordinary circumstances preventing his participation. The ongoing interference, intimidation, and obstruction—documented through contemporaneous logs and notes (see Exhibit 3: Contemporaneous Logs and Notes, Filed Under Seal), physical evidence of mail tampering (see Exhibit 1: Spreadsheet of Envelopes and Postage Meter Numbers, Filed Under Seal; Exhibit 2: Photographs of Tampered Mail and Envelopes, Filed Under Seal), and repeated, unsuccessful attempts to contact authorities—further support the merits of Plaintiff's claims for relief. The legal standards for excusable neglect, equitable tolling, and the Court's inherent authority to prevent manifest injustice are all satisfied under these facts (*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose.

In light of the credible and ongoing threats to Plaintiff's health, life, and safety, Plaintiff respectfully requests that the Court, to the extent it has authority or can make such a referral, consider referring Plaintiff to the appropriate federal authorities (such as the U.S. Marshals Service) for assessment for witness protection or any other available federal protective measures, or to take any protective action the Court deems appropriate to ensure Plaintiff's safety. This request is made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of wrongdoing or as a statement of fact for any other purpose. Plaintiff further requests that any sensitive filings or evidence—including Exhibit 3: Contemporaneous Logs and Notes, Exhibit 1: Spreadsheet of Envelopes and Postage Meter Numbers, Exhibit 2: Photographs of Tampered Mail and Envelopes, and all supporting documentation—be placed under seal or subject to protective order as the Court deems appropriate, to protect Plaintiff's personal and legal safety. All statements in this paragraph are made solely for the purpose of

seeking judicial protection and relief, and are not intended as admissions of any kind.

## III. The Balance of Equities Strongly Favors Plaintiff

Upon information and belief, and solely for the purpose of seeking judicial protection and relief, Plaintiff respectfully submits that the balance of equities in this case overwhelmingly favors the issuance of injunctive relief. Plaintiff believes he faces ongoing, irreparable harm to his constitutional rights, personal safety, and ability to participate in these proceedings. In contrast, the requested relief—an injunction to prevent further interference, appointment of counsel, and referral to the pro bono program—imposes no undue burden or prejudice on Defendants. The relief sought is narrowly tailored to restore Plaintiff's access to the courts and to protect the integrity of the judicial process. Defendants retain all rights to respond to Plaintiff's claims and to participate fully in any further proceedings. The public interest in ensuring fair and unimpeded access to the courts, preventing retaliation and obstruction, and upholding the rule of law far outweighs any speculative inconvenience to Defendants. The factual basis for these assertions is supported by the contemporaneous documentation and evidence submitted under seal, including Exhibit 3: Contemporaneous Logs and Notes (Filed Under Seal), as well as other referenced exhibits. All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

## IV. The Public Interest Mandates Immediate Judicial Intervention

Plaintiff respectfully submits, upon information and belief and solely for the purpose of seeking judicial protection and relief, that the public interest is best served by the prompt and effective protection of litigants' constitutional rights and the integrity of the judicial process. The ongoing campaign of interference, intimidation, and obstruction described herein (see, e.g., Exhibit 3: Contemporaneous Logs and Notes (Filed Under Seal), and supporting documentation) threatens not only Plaintiff's individual rights, but also the broader public interest in the fair administration of justice. Courts have a duty to ensure that pro se litigants, particularly those proceeding in forma pauperis, are not deprived of meaningful access to the courts by external actors or by systemic failures (*Bounds v. Smith*, 430 U.S. at 828; *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). The issuance of injunctive relief, appointment of counsel, and referral to the pro bono program are necessary and appropriate measures to vindicate these interests and to prevent further harm. All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

## V. The Requested Relief Is Necessary and Appropriate

Given the extraordinary and ongoing nature of the harm, Plaintiff respectfully requests that the Court, solely for the purpose of seeking judicial protection and relief and not as an admission of any kind, grant the following relief. Plaintiff further requests that any sensitive filings or evidence referenced in support of these requests—including Exhibit 3: Contemporaneous Logs and Notes (Filed Under Seal) and all other supporting documentation—be placed under seal or subject to a protective order, as previously stated in this motion, to protect Plaintiff's personal and legal safety:

- Issue an immediate injunction prohibiting any further interference, intimidation, obstruction, or retaliation against Plaintiff in connection with his access to the courts, legal counsel, and law enforcement, including but not limited to cyberattacks, mail tampering, and real-world harassment;

- Appoint counsel to represent Plaintiff in all aspects of this appeal, or, in the alternative, refer this matter to the Court's pro bono program for immediate assignment of counsel, in light of the extraordinary and ongoing circumstances that have deprived Plaintiff of meaningful access to the courts and the ability to prosecute his claims;

- Remand this matter to the District of Kansas for an emergency hearing, with instructions to conduct such hearing with appropriate protective measures for Plaintiff's safety, and to address the ongoing threats to Plaintiff's access to the courts and personal safety;

- In light of the credible and ongoing threats to Plaintiff's health, life, and safety, respectfully consider, to the extent the Court has authority or can make such a referral, referring Plaintiff to the appropriate federal authorities (such as the U.S. Marshals Service) for assessment for witness protection or any other available federal protective measures, or to take any protective action the Court deems appropriate to ensure Plaintiff's safety. This request is made solely for the purpose of seeking judicial protection and not as an admission of wrongdoing or as a statement of fact for any other purpose;

- Enter any and all protective orders necessary to safeguard Plaintiff's personal safety, preserve the integrity of the judicial process, and ensure that Plaintiff is not further subjected to retaliation, intimidation, or obstruction;

- Grant such other and further relief as the Court deems just and proper to restore Plaintiff's access to the courts, protect his constitutional rights, and maintain the integrity of these proceedings.

All requests and statements herein are made solely for the purpose of seeking judicial protection and relief, are not intended as admissions of any kind, and are not to be construed as admissions for any other purpose. Plaintiff respectfully

requests that any sensitive filings or evidence referenced herein be placed under seal or subject to a protective order, as appropriate, to protect Plaintiff's personal and legal safety.

5. Enter any and all protective orders necessary to safeguard Plaintiff's personal safety, preserve the integrity of the judicial process, and ensure that Plaintiff is not further subjected to retaliation, intimidation, or obstruction; Plaintiff further requests, consistent with all prior requests throughout this motion, that any sensitive filings or evidence—including but not limited to contemporaneous logs and notes, mail tampering documentation, and all supporting exhibits—be placed under seal or subject to a protective order, as appropriate, to protect Plaintiff's personal and legal safety.

6. Grant such other and further relief as the Court deems just and proper to restore Plaintiff's access to the courts, protect his constitutional rights, and maintain the integrity of these proceedings, including any procedural orders necessary to ensure the safety and confidentiality of Plaintiff's filings and evidence.

The requested relief is supported by the facts, the law, and the compelling public interest in safeguarding the administration of justice. Immediate judicial intervention is both warranted and required under these circumstances. Plaintiff expressly requests that all sensitive exhibits, including contemporaneous logs and notes, be filed under seal as set forth in the accompanying exhibit list and certificate of service.

# Request for Remand for Emergency Hearing

Given the extraordinary and ongoing nature of the interference, intimidation, and obstruction described above, Plaintiff respectfully requests that this Court exercise its authority to remand this matter to the District of Kansas for an immediate emergency hearing with appointed counsel. All statements herein are made under penalty of perjury, to the best of Plaintiff's knowledge, information, and belief, and solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind. Plaintiff further requests that any remand order include instructions that all sensitive information or evidence be handled under seal or subject to a protective order, as appropriate, to protect Plaintiff's personal and legal safety.

## I. Legal Authority for Remand

Federal appellate courts possess broad authority to remand cases in the interests of justice. Under 28 U.S.C. § 2106, the appellate court may "remand the cause and require such further proceedings to be had as may be just under the circumstances." The Tenth Circuit has recognized that remand is appropriate where the interests of justice so require, particularly to ensure a fair and effective hearing on urgent

matters affecting a party's rights and safety. Remand is especially warranted where the district court is best positioned to develop the factual record, issue protective orders, and supervise the implementation of emergency relief. Plaintiff respectfully requests that, should the Court find it necessary, any remand or emergency hearing be conducted with all appropriate protective measures for Plaintiff's safety, and that any sensitive information or evidence be filed under seal or subject to protective order as the Court deems appropriate, to protect Plaintiff's personal and legal safety. All statements and requests in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

## II. Grounds for Remand to the District of Kansas for Emergency Hearing

Plaintiff respectfully submits, upon information and belief and solely for the purpose of seeking judicial protection and relief, that the ongoing acts of interference, intimidation, and harm—including but not limited to physical threats, mail tampering, and technological sabotage—have deprived him of meaningful access to the courts and placed his personal safety and legal rights in immediate jeopardy. Remand to the District of Kansas is necessary to allow for an immediate emergency hearing, the appointment of counsel, and the issuance of any protective orders required to address these ongoing threats. Plaintiff further requests that any such hearing be conducted with all appropriate protective measures for Plaintiff's safety, and that any sensitive information or evidence be filed under seal or subject to protective order as the Court deems appropriate, to protect Plaintiff's personal and legal safety.

The district court is best situated to conduct a prompt, in-person hearing, develop the factual record, and implement appropriate protective measures. The Supreme Court's decision in *Waetzig v. Halliburton Energy Services, Inc.* confirms that district courts retain authority to grant relief from void judgments and to address extraordinary circumstances that undermine the integrity of judicial proceedings. Plaintiff respectfully requests that, should the Court find it necessary, any remand or emergency hearing be conducted with appropriate protective measures for Plaintiff's safety, and that any sensitive information or evidence be filed under seal or subject to protective order as the Court deems appropriate, to protect Plaintiff's personal and legal safety.

All statements and requests in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind.

## IV. Interests of Justice and Judicial Economy

Remand is necessary to ensure that Plaintiff's urgent requests for injunctive relief and appointment of counsel are heard without further delay, and that the ongoing

campaign of interference and intimidation is promptly addressed by a court with jurisdiction over the relevant events and parties. The interests of justice, judicial economy, and the protection of constitutional rights all weigh heavily in favor of immediate action by this Court to restore Plaintiff's access to the courts and to safeguard the integrity of these proceedings.

## V. Specific Relief Requested

Accordingly, Plaintiff respectfully requests that the Court:

1. Remand this matter to the District of Kansas with instructions to conduct an immediate emergency hearing, appoint counsel, and issue all necessary protective orders to prevent further harm. This request is made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of any kind. Plaintiff further respectfully requests that, should the Court find it necessary, any such emergency hearing include consideration of referral to the U.S. Marshals Service or other appropriate federal authority for assessment for witness protection or other protective measures, or any other protective action the Court deems appropriate to ensure Plaintiff's safety.

Plaintiff further requests that the Court retain jurisdiction to supervise compliance with any orders issued on remand, and to ensure that Plaintiff's rights are fully protected throughout the remainder of these proceedings. This request is made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of any kind.

# Request for Appointment of Counsel

## I. Legal Standard for Appointment of Counsel

While there is no absolute constitutional right to counsel in civil cases, federal courts have the discretion to appoint counsel for indigent litigants in exceptional circumstances. The Tenth Circuit has articulated a multi-factor standard for determining when appointment of counsel is warranted, considering: (1) the merits of the litigant's claims; (2) the nature and complexity of the factual and legal issues; and (3) the litigant's ability to investigate the facts and present the case. See *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). This request is made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of any kind.

Appointment of counsel is particularly appropriate where a pro se litigant faces significant obstacles to effective participation in the proceedings, such as ongoing threats, technical sabotage, or coordinated interference that impedes meaningful access to the courts.

## II. Application to Plaintiff's Circumstances

All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind, nor as admissions for any civil, criminal, or regulatory purpose.

Plaintiff proceeds in forma pauperis and, to the best of his knowledge, information, and belief, has demonstrated extraordinary diligence in attempting to prosecute this appeal despite what he believes to be a sustained campaign of cyber and real-world interference. The following statements are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose:

- Plaintiff believes that his electronic devices (laptops, cell phone, printer/fax machine) have been rendered inoperable by what he believes to be sophisticated cyberattacks, resulting in the loss of access to all legal files, research, and communication tools.

- Plaintiff has reason to believe that his legal and confidential mail—including correspondence from this Court and privileged attorney-client communications—has been systematically tampered with, intercepted, or altered, as reflected in Exhibit 3: Contemporaneous Logs and Notes (Filed Under Seal) and supporting evidence.

- Plaintiff respectfully requests that Exhibit 3 and any other sensitive filings or evidence be placed under seal or subject to a protective order, as appropriate, to protect Plaintiff's personal and legal safety.

- Plaintiff, upon information and belief, has been subjected to real-world harassment, intimidation, and threats at his residence, including incidents he perceives as targeted attacks and the loss of his vehicle, which contained materials he considered important to his legal matters.

- Plaintiff asserts, based on his good-faith belief, that his repeated, diligent efforts to contact the Clerk's Office, law enforcement, and potential legal counsel have been systematically thwarted by what he believes to be both technological and in-person obstruction, as further documented in Exhibit 3: Contemporaneous Logs and Notes (Filed Under Seal) and authenticated by Plaintiff's accompanying declaration under penalty of perjury.

- Plaintiff's attempts to report these incidents to the FBI, U.S. Postal Inspection Service, and other authorities have, to the best of his knowledge, information, and belief, been met with further interference or non-responsiveness, as reflected in the contemporaneous documentation included in Exhibit 3 and supporting exhibits.

Plaintiff respectfully requests that any sensitive filings or evidence referenced herein—including Exhibit 3: Contemporaneous Logs and Notes (Filed Under Seal) and all supporting documentation—be placed under seal or subject to a protective order, as appropriate, to protect Plaintiff's personal and legal safety. Service on

opposing counsel will be effected by email on July 29, 2025, as set forth in the certificate of service.

Based on these circumstances, Plaintiff respectfully submits that he is unable to investigate, prepare, or present his case without the assistance of counsel. The complexity of the legal and factual issues—including the interplay of Federal Rule of Civil Procedure 41(a), Rule 60, the Prison Litigation Reform Act, and the recent Supreme Court decision in *Waetzig v. Halliburton Energy Services, Inc.*—further underscores the necessity of professional representation. In light of the ongoing and credible threats described above, Plaintiff also respectfully requests that, to the extent the Court has authority or can make such a referral, the Court consider referring Plaintiff to the U.S. Marshals Service or other appropriate federal authority for assessment for witness protection or other protective measures. This request is made solely for the purpose of seeking judicial protection and not as an admission of wrongdoing or as a statement of fact for any other purpose.

Upon information and belief, and to the best of Plaintiff's knowledge, Plaintiff respectfully submits that the right of access to the courts is a fundamental constitutional guarantee. Where a pro se litigant is effectively isolated from the judicial process by what he believes to be coordinated external interference, the appointment of counsel is not only appropriate but essential to vindicate constitutional rights and to preserve the integrity of the proceedings. The Tenth Circuit has recognized that appointment of counsel may be required where the litigant's ability to present his case is severely compromised and where the public interest in a fair and just process is paramount. Plaintiff further requests that any sensitive filings or evidence—including Exhibit 3 and all supporting documentation—be placed under seal or subject to a protective order, as appropriate, to protect Plaintiff's safety and privacy. All statements herein are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose.

Here, Plaintiff's circumstances, as described in this motion and supporting materials, present what Plaintiff believes to be a textbook case for the exercise of the Court's discretion to appoint counsel or, at a minimum, to refer the matter to the pro bono program for immediate assistance. The ongoing threats, technical sabotage, and retaliation described herein have, in Plaintiff's good-faith belief, deprived him of any meaningful opportunity to participate in his appeal, and the risk of further harm is both imminent and substantial. These statements are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose.

## IV. Lack of Prejudice to Defendants and the Public Interest

Appointment of counsel will not cause undue prejudice to Defendants. Rather, it will ensure that the proceedings are conducted fairly, efficiently, and in accordance with due process. The public interest strongly favors the protection of litigants from

retaliation, obstruction, and intimidation, and the preservation of the rule of law in the face of what Plaintiff believes to be coordinated attacks on the judicial process. All statements in this section are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose.

## V. Relief Requested

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Appoint counsel to represent Plaintiff in all aspects of this appeal, or, in the alternative,

2. Refer this matter to the Court's pro bono program for immediate assignment of counsel;

3. In light of the ongoing and credible threats to Plaintiff's health, life, and safety, and to the extent the Court has authority or can make such a referral, refer Plaintiff to the U.S. Marshals Service or other appropriate federal authority for assessment for witness protection or other protective measures, or take any protective action the Court deems appropriate to ensure Plaintiff's safety. This request is made solely for the purpose of seeking judicial protection and not as an admission of wrongdoing or as a statement of fact for any other purpose;

4. Enter any and all protective orders necessary to safeguard Plaintiff's personal safety, preserve the integrity of the judicial process, and ensure that Plaintiff is not further subjected to retaliation, intimidation, or obstruction, with any sensitive filings or evidence placed under seal or subject to a protective order as appropriate;

5. Grant such other and further relief as the Court deems just and proper to restore Plaintiff's access to the courts, protect his constitutional rights, and maintain the integrity of these proceedings.

All requests and statements herein are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose.

Such relief is necessary to restore Plaintiff's access to the courts, to protect his constitutional rights, and to ensure the fair and effective administration of justice in these extraordinary circumstances. All statements herein are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose.

# Prejudice to Defendants

The relief requested herein—emergency injunctive orders, appointment of counsel, and remand for an emergency hearing—will not cause undue prejudice to the Defendants. The measures sought are procedural and protective in nature, designed solely to restore Plaintiff's access to the courts, safeguard his constitutional rights, and ensure the fair and orderly administration of justice. They do not alter the substantive rights or defenses of any party, nor do they affect the merits of the underlying claims. All statements herein are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose.

Defendants retain the full opportunity to respond to Plaintiff's filings, participate in all proceedings, and assert any and all defenses available to them under law. The requested relief is narrowly tailored to address the extraordinary and ongoing interference, intimidation, and obstruction that have deprived Plaintiff of meaningful participation in this appeal. It does not impose any new obligations or restrictions on Defendants beyond those necessary to preserve the status quo and protect the integrity of the judicial process.

Moreover, the public interest in ensuring unimpeded access to the courts, preventing retaliation and obstruction, and upholding the rule of law far outweighs any speculative inconvenience to Defendants. Courts have consistently recognized that procedural accommodations to protect a litigant's constitutional rights and the integrity of judicial proceedings are not only appropriate but essential, particularly where the risk of irreparable harm is substantial and ongoing. Plaintiff further requests that any sensitive filings or evidence be placed under seal or subject to a protective order, as appropriate, to protect Plaintiff's personal and legal safety.

In sum, granting the requested relief will not prejudice Defendants, but will instead serve the interests of justice, promote judicial efficiency, and reinforce public confidence in the fairness and impartiality of these proceedings.

# Conclusion and Relief Sought

For the foregoing reasons, and upon information and belief, Plaintiff-Appellant Matthew Charles Schlobohm respectfully requests that this Court grant the following emergency relief. All requests and statements herein are made solely for the purpose of seeking judicial protection and relief, and are not intended as admissions of any kind or for any other purpose:

1. **Immediate Injunctive Relief:**
   Issue an injunction prohibiting any further interference, intimidation, obstruction, or retaliation against Plaintiff in connection with his access to the courts, legal counsel, and law enforcement, including but not limited to cyberattacks, mail tampering, and real-world harassment. This request is

made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of wrongdoing or as a statement of fact for any other purpose.

2. **Appointment of Counsel or Referral to Pro Bono Program:**
Appoint counsel to represent Plaintiff in all aspects of this appeal, or, in the alternative, refer this matter to the Court's pro bono program for immediate assignment of counsel, in light of the extraordinary and ongoing circumstances that have deprived Plaintiff of meaningful access to the courts and the ability to prosecute his claims. This request is made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of wrongdoing or as a statement of fact for any other purpose.

3. **Remand for Emergency Hearing:**
Remand this matter to the District of Kansas with instructions to conduct an immediate emergency hearing, appoint counsel, and issue all necessary protective orders to prevent further harm, with any such hearing to be conducted with appropriate protective measures for Plaintiff's safety and with sensitive information handled under seal or subject to protective order as the Court deems appropriate. This request is made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of wrongdoing or as a statement of fact for any other purpose.

4. **Referral for Witness Protection or Other Protective Measures:**
To the extent the Court has authority or can make such a referral, respectfully refer Plaintiff to the U.S. Marshals Service or other appropriate federal authority for assessment for witness protection or any other available federal protective measures, or take any protective action the Court deems appropriate to ensure Plaintiff's safety. This request is made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of wrongdoing or as a statement of fact for any other purpose.

5. **Sealing and Protective Orders for Sensitive Filings:**
Order that any sensitive filings or evidence submitted in connection with this motion or any related proceedings be placed under seal or subject to a protective order, as appropriate, to protect Plaintiff's personal and legal safety. This request is made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of wrongdoing or as a statement of fact for any other purpose.

6. **Other Just and Proper Relief:**
Grant such other and further relief as the Court deems just and proper to restore Plaintiff's access to the courts, protect his constitutional rights, and maintain the integrity of these proceedings. This request is made solely for the purpose of seeking judicial protection and relief, and is not intended as an admission of wrongdoing or as a statement of fact for any other purpose.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this emergency motion and all supporting exhibits comply with the requirements of Federal Rule of Appellate Procedure 27(d)(2) and Tenth Circuit Local Rule 27.3(A). To the best of my knowledge, there is no specific word or page limit applicable to emergency motions of this nature. This filing is concise, states with particularity the grounds for relief, and is limited to the facts and legal arguments necessary to support the urgent relief requested. All sensitive exhibits, including Exhibit 3: Contemporaneous Logs and Notes, are submitted under seal or subject to a protective order as requested herein.

Respectfully submitted,

s/ Matthew Charles Schlobohm
Matthew Charles Schlobohm
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
mschlobohm@proton.me
(816) 237-8896
Dated: July 29, 2025

## CERTIFICATE OF EMERGENCY

I hereby certify under penalty of perjury that this motion presents an emergency requiring immediate attention by the Court. As set forth in the motion and supporting materials, I am currently subject to ongoing, credible threats to my health, safety, and access to the courts, including pervasive cyber and real-world interference, intimidation, and obstruction. Immediate judicial intervention is necessary to prevent irreparable harm, restore access to the courts, and protect the integrity of these proceedings.

Respectfully submitted,

s/ Matthew Charles Schlobohm
Matthew Charles Schlobohm
Dated: July 29, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, I filed the foregoing Emergency Motion for Injunctive Relief, Appointment of Counsel, and Ancillary Relief, together with all supporting exhibits (including Exhibit 3: Contemporaneous Logs and Notes, filed under seal), with the Clerk of the Court via the CM/ECF system, which will send

notice of such filing to all registered participants. I further certify that a true and correct copy of this motion and all supporting exhibits was served on counsel for Defendants-Appellees, Donald Ash, et al., by email on July 29, 2025.

s/ Matthew Charles Schlobohm
Matthew Charles Schlobohm
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
mschlobohm@proton.me
(816) 237-8896
Dated: July 29, 2025

## DECLARATION OF MATTHEW CHARLES SCHLOBOHM

I, Matthew Charles Schlobohm, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing motion, and the facts stated in the supporting exhibits (including Exhibit 3: Contemporaneous Logs and Notes), are true and correct to the best of my knowledge, information, and belief, and that all statements herein are made solely for the purpose of seeking judicial protection and emergency relief, and are not intended as admissions of any kind, nor as an admission of wrongdoing or as a statement of fact for any other purpose.

Executed on July 29, 2025, at Kansas City, Missouri.

s/ Matthew Charles Schlobohm
Matthew Charles Schlobohm

## Certification

I, Matthew Charles Schlobohm, certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief, and that all statements herein are made solely for the purpose of seeking judicial protection and emergency relief, and are not intended as admissions of any kind, nor as an admission of wrongdoing or as a statement of fact for any other purpose.

s/ Matthew Charles Schlobohm
Matthew Charles Schlobohm
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
(816) 237-8896

mschlobohm@proton.me
Dated: July 29, 2025 Dated: July 29, 2025

Respectfully submitted,

s/ Matthew Charles Schlobohm
Matthew Charles Schlobohm
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
(816) 237-8896
mschlobohm@proton.me
Dated: July 29, 2025